# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In Re:* B.W.

No. 12-0866 (Preston County 12-JA-3)

**FILED**

January 14, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother files this appeal, by counsel Claire Niehaus, from the Circuit Court of Preston County, which terminated Petitioner Mother's parental rights to B.W. by order entered on June 21, 2012. The guardian ad litem for the child, Olivia S. Harris DeVall, has filed a response supporting the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney Lee Niezgoda, has also filed a response in support of termination.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented in the parties' written briefs and the record, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Revised Rules of Appellate Procedure.

B.W. was born in December of 2011. In January of 2012, DHHR filed the instant petition against Petitioner Mother based on the termination of her parental rights to other children in 2010. The prior cases concerned Petitioner Mother's issues with excessive alcohol use and domestic violence. Throughout the course of those proceedings, Petitioner Mother received fourteen months of improvement periods provided with various services. When DHHR filed the petition in the instant case, Petitioner Mother's issues in the care of her child remained problematic. At the adjudicatory hearing in February of 2012, Petitioner Mother stipulated to her alcoholism and her prior involuntary termination of parental rights to her other children. The circuit court later granted her motion for a post-adjudicatory improvement period. At disposition in May of 2012, the circuit court found that Petitioner Mother had failed to successfully complete her improvement period and terminated her parental rights to B.W. and denied post-termination visitation. Petitioner Mother appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been

1

committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Petitioner Mother argues two assignments of error on appeal. First, she argues that the circuit court abused its discretion by prematurely revoking her improvement period before she could accomplish the terms of it. Second, she argues that the circuit court abused its discretion by terminating her parental rights where less restrictive alternative dispositions were available. She asserts that the circuit court's revocation of her improvement period a little more than a month after it was granted to her was not sufficient time to demonstrate that she could succeed on improving. Petitioner Mother further asserts that other dispositions, such as allowing her to maintain guardianship over B.W., would have been less drastic and would also safeguard B.W. In response, the guardian ad litem and DHHR contend that the circuit court correctly revoked Petitioner Mother's improvement period and terminated her parental rights to B.W. They highlight that Petitioner Mother was given opportunities for improvement in her prior abuse and neglect cases, but chose not to use these opportunities. Instead, she continued to fail to address the issues destructive to the care of her children in the prior cases and of the child in the instant case. The circuit court correctly considered these circumstances in its decisions to revoke Petitioner Mother's improvement period and terminate her parental rights.

We find no error by the circuit court in revoking Petitioner Mother's improvement period or in terminating her parental rights. DHHR is not required to make reasonable efforts to preserve the family if the subject parent has had his or her parental rights involuntarily terminated to other children. W.Va. Code § 49-6-5(a)(7)(c). "It is within the court's discretion to grant an improvement period within the applicable statutory requirements; it is also within the court's discretion to terminate the improvement period . . . if the court is not satisfied that the [subject parent] is making the necessary progress." Syl. Pt. 2, in part, *In re Lacy P.*, 189 W.Va. 580, 433 S.E.2d 518 (1993). *See also* West Virginia Code § 49-6-12. We have also held as follows:

> "[C]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 4, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Moreover,

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, *W.Va.Code* [§] 49-6-5

[1977] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under *W.Va.Code* [§] 49-6-5(b) [1977] that conditions of neglect or abuse can be substantially corrected." Syllabus Point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 7, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996) (internal citations omitted). Our review of the record supports the circuit court's rulings.

For the foregoing reasons, we affirm the circuit court's order terminating Petitioner Mother's parental rights to B.W.

Affirmed.

**ISSUED: January 14, 2013**

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II